UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ALVAREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KATHLEEN DICKINSON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:12-CV-00712-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 2)<br><br>FOURTEEN (14) DAY DEADLINE |

　　Plaintiff Vincent Alvarez was one of five state prisoners proceeding pro se and in forma pauperis in an underlying civil rights action filed pursuant to 42 U.S.C. § 1983.[1] (Compl., ECF No. 1.) On May 3, 2012, the Court ordered Plaintiff's claims be severed, he file an amended complaint, and that he either pay the filing fee in full or submit a completed application to proceed in forma pauperis not later than June 4, 2012. (Order Severing, ECF No. 2.) The June 4th deadline has passed without Plaintiff having filed an

---

[1] Jorge Ornelas, et al., v. Kathleen Dickinson, et al., E.D. Cal. Case No. 1:12-cv-0499-MJS (PC).

-1-

amended complaint, payed the filing fee in full, submitted a completed application to proceed in forma pauperis, or filled a request for an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's May 3, 2012 order. The Court will give him fourteen (14) days following service of this order to show cause why his case should not be dismissed for failure to comply with the Court's order. Failure to meet this deadline will result in a recommendation for dismissal of this action.

IT IS SO ORDERED.

Dated: June 27, 2012          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

-2-