UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ALVAREZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN DICKINSON, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO.　1:12-cv-00712-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF NO. 6)<br><br>FOURTEEN (14) DAY DEADLINE |

　　Plaintiff Vincent Alvarez was one of five state prisoners proceeding pro se and in forma pauperis as Plaintiffs in an underlying civil rights action filed pursuant to 42 U.S.C. § 1983.[1] (Compl., ECF No. 1.) On May 3, 2012, the Court ordered Plaintiff's claims severed from the other Plaintiffs' claims and ordered that, on or before June 4, 2012, Plaintiff file an amended complaint and either pay the filing fee in full or submit a

---

[1] Jorge Ornelas, et al., v. Kathleen Dickinson, et al., E.D. Cal. Case No. 1:1 12-cv-0499-MJS (PC).

-1-

completed application to proceed in forma pauperis . (Order Severing, ECF No. 2.) The June 4th deadline passed without Plaintiff having filed an amended complaint, paid the filing fee in full, submitted a completed application to proceed in forma pauperis, or filed a request for an extension of time to do so.

The Court then ordered Plaintiff to show cause by July 16, 2012 why his case should not be dismissed for failure to comply with the Court's orders. (Order to Show Cause, ECF No. 6.)  Plaintiff was advised that failure to meet this deadline would result in a recommendation for dismissal of the action. The July 16, 2012 deadline has passed without Plaintiff filing any response to the Order to Show Cause.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831-32 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several

factors, (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket weigh in favor of dismissal. In these respects, the Court has a vast caseload before it and can not indulge Plaintiff's disregard of its orders and rules. The third factor, risk of prejudice to the Defendants, also weighs in favor of dismissal, since a presumption of injury arises from delay in resolving an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Given Plaintiff's non-responsiveness to the Court's earlier orders and his pro se status, "less drastic alternatives" other than those taken to date (i.e., repeated orders to Plaintiff to comply) do not exist and the ultimate sanction of dismissal is warranted. Malone, 833 F.2d at 132-33.

Plaintiff has failed to comply with the Court's orders and rules. He has not filed an application to proceed in forma pauperis or paid the filing fee. He has not filed an operative pleading. He has not responded to the Court's order to show cause. No lesser sanction than dismissal is appropriate.

Accordingly, it is RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE by the District Judge. These findings and recommendations are submitted

to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 2, 2012                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE